May it please the Court. My name is Jenny Blake, and I represent Cornella Berger in this appeal. This appeal is not about Richard Berger. This appeal is about his innocent spouse who had nothing to do with the underlying criminal conduct. The issue is whether the community property is vulnerable to satisfy some of this. The issue is actually even more narrow than that, Your Honor. The issue is whether Cornella's undivided vested interest in the community property can be seized as a result of Richard Berger's criminal conduct. The issue is not whether any portion of that community property is subject to forfeiture by the government. Our position is that while the government may forfeit the rights of Richard Berger in terms of the community property, in terms of his half, that there is no right to forfeit Ms. Berger's interest that had vested long- I gather that the parties have stipulated that the assets in question are community property, right? There's no claim that there's separate property here or anything like that, right? Your Honor, the property was acquired during marriage, and I believe that under California I understand. I'm just wanting to know whether you are contending that it is anything other than community property, right? I am contending that it is community property, but I believe that it should be treated as her separate property because this was a criminal judgment rendered against Richard. Let's just say hypothetically that Richard Berger had gone into the bank and robbed a bank and put the proceeds of the theft into a bank account that was Mrs. Berger and his community property account. Is it your contention that she would be able to claim half of that money as hers because she was an innocent spouse? Absolutely not, Your Honor. Okay, what's the difference between that and what happened here? In that scenario, the criminal conduct resulted in the proceeds to the community. In this case, the community that's at – excuse me, the property that's at issue in this appeal was purchased nearly a decade before the criminal conduct. It had no bearing on the criminal conduct. The criminal conduct was completely independent of- That's correct. In terms of the proceeds from the Verdugo property – from the Verdugo property. Right. That property was purchased a decade before the criminal conduct at issue, and that interest had vested in Cornella a decade before the criminal conduct. In this case, the criminal conduct that Richard was charged with was – had dealt with his business. Cornella Berger was never a part of that business. But she benefited from any earnings from that, and had there been a divorce, she would have shared in the half of the value appreciated under Margola, right? Your Honor, there is absolutely no evidence that the community – I'm talking law right now. I'm not talking about the facts of this case. What I'm saying is if everything had gone well and they'd had a divorce, she would have shared in half the value of whatever the stock was worth, right? Your Honor, it would be legitimate to say that had the community benefited from the crime, then that portion of the benefit to the community from the crime should be reduced. Okay, but you're not answering my question. I'm just talking hypothetically here. If there weren't anything wrong, no crime, he sets up a company, it does well, they get a divorce, is she entitled to half the value of the stock as appreciated? I believe that she would be, Your Honor. Okay, and if he takes income out of the company, she's entitled to half that technically as community property, right? I believe that's correct, Your Honor. Okay, so here you have a conviction that what he did was a criminal activity. And is there any doubt in your mind that under California law, the debts of the community are the responsibility of both the spouses in this case? There is no doubt that the civil debts of the community are the responsibility of the community. There has been not one statute cited by the government, not a case that has been cited by the government that indicates that a criminal judgment, which is an impersonal judgment against the person convicted of a crime, is considered a community debt. What about Soderling? In Soderling, Your Honor, the issue was there were two brothers who committed a crime. Yeah, but there was also an attempt to get money in the bankruptcy that the spouses claimed to community property interest, right? What they tried to do in Soderling is to discharge the husband's criminal debt by saying that the community property could not be attached. But that's not what's happening here. No one is trying to discharge Richard's criminal debt. I understand that the facts are different, but there was a discussion in Soderling about the fact that the property involved there, that the spouses, like in that case it was wives, that that property was community property and it was subject to the debts of these two brothers. Isn't that correct? It was subject to the debts of the two brothers. The issue about what portion of that community property was subject to the debt had never been decided. I understand. But if you take the proposition that the community, including that of the wives in that case, was subject to the community debts, do you agree with that proposition? I agree with the proposition that the community... This was a criminal case, Soderling. They had done something wrong. There was a restitution order. That's correct. And the court found that the community property, also the portion owned by the wives in this case, was a community debt that was not dischargeable. It's a bankruptcy case, but the concept of community property and a community debt, you agree with that, right? I agree that the community property is potentially liable for the criminal debt of whomever is convicted in a given case. So in Soderling, the court never determined that the entire community... No, I understand that. But I'm just saying that as a matter of law, in California, if there is a criminal violation and community property is owned by spouses, that the community is liable for the debt, not just the one side, but the other side is liable for the debt involved. I don't agree with that, Your Honor. I don't think that there's any case or statute that mandates that result. There is certainly case law that suggests that the community property may be potentially liable, but there has never been a case that I have seen nor that has been cited by the government or the district court that has stripped an innocent spouse of a vested interest in community property. It happens all the time, doesn't it? If the community is responsible for the debts incurred by one, then there are lots of innocent spouses that wind up having to deal with their not-so-innocent spouses gambling debts or profligate borrowing or wild use of credit cards. Your Honor, I believe that the difference is the cases that you're referring are really civil debts, and this is a criminal debt. It's a debt arising from a criminal proceeding, but it's restitution. It's meant to repay victims for loss, victims who presumably could obtain civil judgments if they chose to, but the court system cuts that corner and doesn't make it necessary for them to do so. Why is this? I mean, forfeiture is different. Forfeiture is a penalty imposed by the government. We're going to take that away, over and above what we're doing to you by way of other sentence. But restitution is designed to recompense somebody. Isn't that more civil in nature? And there may be no case that says you can, but I haven't seen anything suggesting that you can't take that from the community. Your Honor, this is a forfeiture. It's not a forfeiture. There is a clear distinction in the law between forfeiture and restitution. Restitution goes to recompense or compensation of victims. I thought your client actually at ER-28 conceded that it was not a forfeiture. Your Honor, I believe that the way that I think it is clear that the indictment never charged a forfeiture. There was never a forfeiture count against Richard Berger. What the court did in this case is the district court seized the proceeds from this property as a sanction against Richard Berger for violating a court order. There is no authority that allows the court to do that. They have not cited any, again, any statute or any Federal law or any case that has ever been cited. But isn't the underlying order based on the Mandatory Victims Restitution Act? Absolutely, Your Honor. It sounds to me as though no matter how this occurred, whether he violates the order by selling off the property, which he pretty clearly did, or whether he didn't do it and they simply say, listen, you've got to make that property available as part of the restitution. I mean, it comes to the same place as far as I'm concerned. Your Honor, based on the principles that were outlined by this court in United States v. Lester and based by the Utica decision that I believe is at least persuasive, that a spouse, an innocent spouse who had absolutely no involvement, there's no claims that she was ever involved with a fraud, she should not be sued. The spouse was never involved with gambling either or never involved with a credit card debt. But does that make them less liable on it? In a setting where this is a criminal judgment and a criminal judgment by its very nature is an impersonal judgment, it is meant to punish the criminal. And in this case, what has been done is that Ms. Berger has been punished because of Richard Berger. And it's one thing that she has, her marriage has been destroyed by his crime. After 40 years of marriage, they ended up in divorce. It's another thing that she has lost her home and it has been forced into foreclosure because of Richard's crime. She has lost her credit, her savings. She has lost absolutely everything that had been acquired or was in their possession after the commission of the crime. But the proceeds that are issued in this case had vested in her long before the criminal judgment. Why don't we hear from the other side and we'll give you a chance to respond. Thank you. May it please the Court, good morning. My name is Brent Whittlesey and I'm an assistant United States attorney. I'm here today on behalf of the victims who were entitled to restitution in this criminal case. In some senses, the fact that this is a criminal case is the least important fact. Suppose, for example, that I were here today on behalf of a tort judgment creditor of Richard Berger. Civil case. Just recovered a judgment. Would anybody here say that as a tort judgment creditor, my client would not be entitled to access all of the community property? I don't think anybody would say that. That's very common, as Judge Clifton has pointed out. Why should a victim of a crime be entitled to less remedies against community property than a tort judgment creditor? There's really no reason for that. What is your position about the concept that the MBRA is, in effect, a civil as opposed to a criminal proceeding? To restore to the victims here, basically to make them whole as much as possible. It's certainly the case, Judge Smith, that the MBRA and the Victims' Bill of Rights are intended by Congress to help crime victims recover their losses arising from criminal activity. Is it a civil statute or a criminal statute? Well, Title 18 contains provisions pertaining to the making of restitution judgments and the enforcement of restitution judgments. And Title 18 says that restitution judgments are enforceable by all remedies available for the enforcement of a civil judgment. So the answer is, I think it's a little bit of both. And I think that one of the interesting things about this area of the law is that you do have an intersection between criminal law principles and community property law and other civil law concepts. Now, counsel says that there's no case which has determined that all of the community property is liable to pay a criminal restitution judgment. But I think that's incorrect. I think Judge Fletcher's opinion in Soderling at page 994 says so. It says, thus, the FDIC's claim as a claim against the respective communities is non-dischargeable and all of the community property of both Soderling couples is potentially liable for the debt represented by the claim. It says all. I think that's the law. That's the controlling case in our authority, in our opinion, rather. And I would submit on that basis. Does it make any difference that that was a bankruptcy discharge case? Well, one part of the case, of course, is a bankruptcy discharge case. But then the Soderling wives, similar to Cornell Berger, claimed that their portion of the community property was not subject to payment of the restitution judgment. And, of course, we get bogged down in this concept. What I mean by that, counsel, is that once Soderling was decided, all that was decided was that this was a non-dischargeable debt and whatever happened thereafter happened, right? I believe that's true, Your Honor. So we don't actually get to the ultimate issue, which is what we're dealing with here. I think that's right. We're one step beyond Soderling in that we're actually talking about how to enforce this restitution obligation created by the court. There's a lot of language that counsel uses about vested community property rights. I don't understand that language at all. I don't think that's a concept in community property law. There's no vesting of community property. Under California law, all of the community property is owned jointly by both spouses. That's it. There's nothing vested. And, of course, counsel makes a lot about forfeiture proceedings. This is not a forfeiture proceeding for all the reasons that have been noted previously. And, consequently, we believe that the district court's order was properly decided and should be affirmed. Thank you very much. Ms. Blake, would you like a minute? Whether we call this a forfeiture or we call this a restitution, the bottom line is that Cornell Berger had a vested right in the property prior to the criminal conduct in this case. So you're using vested. I mean, there are different meanings of vested. Clearly, the community had a vested right. That's correct. The issue that you need to get established is that she had a separately vested right in that property such that she could resist this order. And that's a harder concept under community property law. And, Your Honor, I believe that she did have a vested separate interest prior to the criminal conduct in the Verdugo property proceeds. And if the court ---- You mean you're saying it was separate property? What I'm saying is that based on the Lester decision, in the Lester case, it was the same principles that applied. In that case, the husband and the wife owned a certain share of a property. And what the court said in that case, because that property had been acquired prior to the criminal conduct of the husband, that that interest in the wife had vested before the criminal conduct. Let's see. And it was not subject. Well, you're ---- with respect, I think you're mixing some concepts here. When we're talking about ERISA, you've got vesting. But in California, it's either community property or it's not community property, right? Your Honor, I believe that under the circumstances of a criminal judgment, that even if it is community property, that it should be treated as separate property. Okay. Well, now you're ---- I understand what you're saying it should be. But let's go to the vesting concept first. Is there any case law that you know of in California that says that in the circumstances that you're talking about here, that something that was heretofore community property is commuted to become separate property? Your Honor. Any authority to that effect? I believe that United States v. Lester speaks to that. That doesn't say that, does it? Well, nor does NRA's sovereign say that any community property can be seized and paid for one of the spouse's criminal debt. Lester, I think, is a forfeiture case. Isn't that right? Lester is a forfeiture case, Your Honor. But the principles in Lester are identical to the principles that apply in this case. And Utica is not a forfeiture case. Utica is a restitution case. But that also involved separate property, not community property. It involved a little bit of both. In that case, the property that was issued, the wife had claimed that part of that property was her separate property. The court also determined that because of the community property laws, that the community had a pro tanto share in the interest of that property. And what the court said is that they're free to. . . Plus, that is an unpublished district court opinion, which has no impact on this Court. That is true, Your Honor. But I believe it is persuasive. And I believe that the notions of fundamental fairness and justice warrant the same result as in Lester, as in Utica. And in this case, we would ask that the district court's ruling be reversed. Okay. Thank you very much for your helpful argument, both sides. The case of United States v. . . or rather, Berger v. United States of America is now submitted for decision. At this point, we'll take a five-minute break, and we resume to hear the next two cases. A word to the students. I know you're going out to visit with another judge in Chambers. We're running a little bit behind the schedule that I had anticipated. My guess is we will be finished with the next two cases at about 12.15. So if you'll show up back here at about 12.15, if we're still arguing, you can come. . . I shouldn't say arguing. If we're still hearing argument, you can come back in and just sit quietly, and don't worry about standing outside for us to finish. If you just come in quietly, you won't bother us. Okay. We'll take a five-minute break in case it's submitted. We'll be back. All rise. This court is adjourned. Procession.
judges: Fletcher W. , Fisher, Smith M.